■ In the Matter of FAIRVIEW FIRE DISTRICT, Respondent, v GREENBURGH UNIFORMED FIREFIGHTERS ASSOCIATION, INC., et al., Appellants. [620 NYS2d 1005] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration under a collective bargaining agreement, the appeal is from an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 2, 1993, which granted the application.

Ordered that the order is reversed, on the law, with costs, the application to stay arbitration is denied, and the parties are directed to proceed to arbitration.

The collective bargaining agreement (hereinafter the agreement) between the parties contains a grievance procedure which culminates in arbitration. A grievance is broadly defined in the agreement as: "a complaint arising from an alleged violation, difference of opinion, misinterpretation or inequitable application of this Agreement or the rules and regulations of the Fairview Fire District".

Despite this broad language, the Supreme Court held that since the instant dispute arose out of Article 26 of the collective bargaining agreement dealing with ordinary sick leave, and sick leave was, under that article, to be granted at the discretion of the petitioner, the instant dispute was not arbitrable. We disagree. In *Rochester City School Dist. v Rochester Teachers Assn.* (41 NY2d 578, 583), the Court of Appeals rejected the argument that a dispute concerning discretionary

sabbatical leaves was not arbitrable, stating: "Significantly this argument could not have prevailed * * * in view of the fact that the arbitrator had been granted broad power to resolve any 'claim * * * [of] misinterpretation or inequitable application of * * * the terms of this agreement' (see, e.g., *Matter of Nationwide Gen. Ins. Co. v Investor's Ins. Co. of Amer.,* 37 NY2d 91)." Accordingly, the application to stay arbitration is denied, and the parties are directed to proceed to arbitration. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.